**ATLANTIC COAST LINE RAILROAD COMPANY et al., Petitioners,**

v.

**RISS & COMPANY, Inc., Respondent.**

No. 14562.

United States Court of Appeals District of Columbia Circuit.

Aug. 8, 1958.

Order on Petition for Writ of Certiorari to United States District Court for the District of Columbia.

Order On Petitioners' Motion for Clarification Dec. 16, 1958.

Mr. Francis M. Shea, Washington, D. C., with whom Messrs. Lawrence J. Latto and Richard T. Conway, Washington, D. C., were on the brief, for petitioner Atlantic Coast Line R. R. Co. and certain other petitioners, argued for all petitioners. Mr. Henry L. Walker, Washington, D. C., was also on the brief for Southern Ry. Co. and certain other petitioners. Messrs. Hugh B. Cox and James H. McGlothlin, Washington, D. C., were on the brief for The Baltimore & O. R. R. Co. and certain other petitioners. Messrs. Stuart S. Ball, Richard J. Flynn and Joseph D. Feeney, Jr., Chicago, Ill., were on the brief for petitioner Atchison, T. & S. F. Ry. Co. and certain other petitioners. Messrs. H. Graham Morison and Newell A. Clapp, Washington, D. C., were on the brief for petitioner Louisville & N. R. R. Co. Messrs. John D. Lane and Fred S. Gilbert, Jr., Washington, D. C., were on the brief for petitioners Boston & M. R. R. and The New York, N. H. & H. R. R. Co. Mr. Martin A. Meyer, Jr., Washington, D. C., was on the brief for petitioner Virginian Ry. Co. Mr. Edward K. Wheeler, Washington, D. C., was on the brief for petitioners The Chesapeake & O. Ry. Co. and New York Cent. R. R. Co.

Mr. Robert L. Wright, Washington, D. C., with whom Messrs. A. Alvis Layne, Jr., and Lester M. Bridgeman, Washington, D. C., were on the brief, for respondent.

Messrs. David I. Shapiro and Gerhard P. Van Arkel, Washington, D. C., entered appearances for Aircoach Transport Ass'n, Inc., as amicus curiae.

Before BAZELON, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

This case came on for consideration on the order of the District Court entered May 26, 1958, denying petitioners' motion to suspend proceedings pending a determination by the Interstate Commerce Commission of whether prior Commission-Approved agreements are applicable to the reduced rate agreements referred

to in Paragraph 18 of the Complaint as supplemented, whether such rates are otherwise lawful and whether respondents have abused the processes of the Commission, on petitioners' motion to file a petition for writ of certiorari, petitioners' petition for writ of certiorari, petitioners' brief in support thereof, respondent's brief in opposition thereto, the transcript of proceedings in the District Court and on arguments of counsel.

Whereas the order of the District Court is not a final order appealable under 28 U.S.C. § 1291 nor an interlocutory order appealable under 28 U.S.C. § 1292, and it appears that petitioners sufficiently allege a conflict of jurisdiction between the District Court and an administrative agency, and sufficiently show that postponed appellate review may work hardship on petitioners, United States Alkali Export Ass'n v. United States, 1945, 325 U.S. 196, 202, 203, 65 S.Ct. 1120, 89 L.Ed. 1554, and

Whereas it appears, from the District Court's memorandum opinion in support of the order, that the District Court relied upon the decision of this court in Atchison, Topeka & S. F. Ry. Co. v. Aircoach Transport Ass'n, 1958, 102 U.S. App.D.C. 355, 253 F.2d 877, and did not consider in its opinion the effect of Federal Maritime Board v. Isbrandtsen Co., 356 U.S. 481, 499, 78 S.Ct. 851, 2 L.Ed.2d 926, and

Whereas it is the view of this court that the Isbrandtsen opinion modifies the holding of the Aircoach case by requiring that the issue of the intent and effect of an agreement approved by the Commission must, in a case where such issue is the sole or dominant issue in the case, first be referred to the Commission prior to a court determination of whether such agreement violates the anti-trust laws, and

Whereas it is the view of this court that the Isbrandtsen decision does not necessarily require referral to the Commission of issues such as those sought to be referred to the Commission by petitioners' motion where the agreement is only one of a considerable number of overt acts alleged and where the policy favoring referral is clearly outweighed by other factors such as the probability of undue delay and the overriding importance of early consideration of the other overt acts alleged, and

Whereas the District Court, having considered this case in all of its aspects, is in a better position to determine whether, on balance, suspension of proceedings is warranted,

It is hereby, *ordered* that petitioners' motion for leave to file a petition for writ of certiorari and petitioners' petition for writ of certiorari are *granted*, and the case is *remanded* to the District Court with directions to vacate its order of May 26, 1958, and to reconsider petitioners' motion to suspend proceedings in light of this order.

### Order on Petitioner's Motion for Clarification of Order of Aug. 8, 1958.

This case came on for consideration on petitioners' motion for clarification of an order of this court in this cause dated August 8, 1958, respondent's reply thereto, the motion of Aircoach Transport Association, Inc., et al. for leave to file a memorandum of law as amicus curiae and to participate in oral argument, the lodged memorandum of Aircoach Transport Association, Inc., et al., and respondent's reply to the motion of Aircoach Transport Association, Inc., et al.

It appears therefrom that the order of August 8, 1958, did not fully set forth the view of this court concerning the effect of Federal Maritime Board v. Isbrandtsen Co., 1958, 356 U.S. 481, 499, 78 S.Ct. 851, 2 L.Ed.2d 926, upon the decision of this court in Atchison, Topeka & S. F. Ry. Co. v. Aircoach Transport Ass'n, 1958, 102 U.S.App.D.C. 355, 253 F.2d 877. The intent, however, of the order of August 8 was to assert our view that the Isbrandtsen opinion modifies the holding of the Aircoach case by requiring that the issue of the intent and effect of a rate reduction claimed to have been

taken pursuant to procedures set forth in agreements approved by the Commission under Sec. 5a of the Interstate Commerce Act, 49 U.S.C.A. § 5b, must, in a case where such issue is the sole or dominant issue, first be referred to the Commission prior to a court determination of whether such rate reduction violates the anti-trust laws. The "issue" referred to in the order was not intended to mean the issue of the applicability of sec. 5a agreements to the rate reductions.

It is therefore Ordered that petitioners' motion for clarification of the order of August 8, 1958, is granted, to the extent indicated in the foregoing paragraph.

It is Further Ordered that the motion of Aircoach Transport Association, Inc., et al. for leave to file a memorandum of law as amicus curiae is granted, but its motion for oral argument is denied.