**CITY OF FORT LAUDERDALE,**
Appellant,

v.

**EAST COAST ASPHALT CORPORA-
TION et al., Appellees.**

No. 19549.

United States Court of Appeals
Fifth Circuit.

March 26, 1964.

Rehearing Denied June 10, 1964.

**872**

C. Shelby Dale, Fort Lauderdale, Fla., for appellant.

Richard M. White, Miami, Harrison D. Griffin, Fort Lauderdale, Thomas H. Anderson, Earl D. Waldin, Jr., Miami, Fla., for appellees.

Before TUTTLE, Chief Judge, and WISDOM and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

This case is related to the case of Hardrives Co., Inc., et al. v. East Coast Asphalt Corp., et al. No. 19864, 5 Cir., 329 F.2d 868, and the case of United States v. South Florida Asphalt Co., et al. No. 19635, 5 Cir., 329 F.2d 860, both decided this same date. The conduct about which complaint is made is the violation of the Sherman and Clayton Acts. This appeal is from an order dismissing the complaint of the City wherein an injunction and treble damages were sought.

The record is not clear, but apparently the trial judge dismissed the complaint because he considered that the goods and materials alleged to be involved came to rest in the state of ultimate consumption prior to the sale of the same to the parties who finally utilized them; and that such fact eliminated the "in commerce" character of the goods.

The allegations of the complaint in this case are substantially the same as in the Hardrives case. This Court has repeatedly held that complaints in civil cases should not be dismissed unless it clearly appears that under no theory can the plaintiff be entitled to relief. Des-Isles v. Evans, 5 Cir., 200 F.2d 614; City of Daytona Beach v. Gannett, 5 Cir., 253 F.2d 771; Mannings v. Board of Public Instruction, etc., 5 Cir., 277 F. 2d 370.

We think that this complaint alleges facts on which relief could be granted on two grounds, first this Court has held that contractors engaged in the construction of interstate highways and other facilities of interstate commerce are engaged "in commerce." Archer v. Brown & Root, Inc., 5 Cir., 241 F.2d 663, 667, cert. denied 355 U.S. 825, 78 S.Ct. 33, 2 L.Ed.2d 39; Mitchell v. Hooper Equipment Co., 5 Cir., 279 F.2d 893. The Supreme Court has, of course, held likewise. Mitchell v. C. W. Vollmer & Co., 349 U.S. 427, 75 S.Ct. 860, 99 L.Ed. 1196. It is no argument to say that wage and hour cases are no authority for Sherman Act cases. Of course they are not necessarily authority to the extent that they *deny* coverage. On the other hand, if they grant coverage on the basis of the employees actually being engaged in commerce then they are authority for what constitutes interstate commerce. Thus, we conclude that the allegation that the local conspiracy has artificially

set prices for materials which its members sell or install for the construction of arteries of interstate commerce, is an adequate allegation of a conspiracy in interstate commerce.

■ Moreover, for the second point, we think the allegations of the manner in which the conspiracy, even though it be "local" in nature, affects commerce are sufficient to withstand a motion to dismiss. In United States v. Employing Plasterers Assoc. of Chicago, 347 U.S. 186, 74 S.Ct. 452, 456, 98 L.Ed. 618, the Supreme Court said, in a *criminal* case:

> "The complaint plainly charged several times that the effect of all these local restraints was to restrain interstate commerce. Whether these charges be called 'allegations of facts' or 'mere conclusions of the pleader,' we hold that they must be taken into account in deciding whether the Government is entitled to have its case tried.

> "We are not impressed by the argument that the Sherman Act could not possibly apply here because the interstate buying, selling and movement of the plastering materials had ended before the local restraints became effective. Where interstate commerce ends and local commerce begins is not always easy to decide and is not decisive in Sherman Act cases. See Mandeville Island Farms v. American Crystal Sugar Co., 334 U.S. 219, 232 [68 S.Ct. 996, 1004, 92 L.Ed. 1328]."

We think that the conspiracy alleged in this case dealing with the type of business in which the appellees are engaged falls well within the reasoning of this case.

See also United States v. Women's Sportswear, 336 U.S. 460, 69 S.Ct. 714, 93 L.Ed. 805.

The judgment of dismissal was in error.

The judgment is reversed and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.