**MARRIOTT HOTELS OF ATLANTA, INC., a Delaware Corporation, Plaintiff,**

**v.**

**HEART OF ATLANTA MOTEL, INC., a Georgia Corporation, et al., Defendants.**

**Civ. A. No. 8832.**

United States District Court
N. D. Georgia,
Atlanta Division.

July 10, 1964.

Nall, Miller, Cadenhead and Dennis, Atlanta, Ga., for plaintiff.

Sutherland, Asbill & Brennan, Atlanta, Ga., for defendants.

MORGAN, District Judge.

The defendants herein have filed a motion to dismiss plaintiff's amended complaint under Rule 12(b), Federal Rules of Civil Procedure, on the grounds that the complaint fails to state a claim upon which relief can be granted. The plaintiff, Marriott Hotels of Atlanta, Inc., a Delaware corporation, filed this complaint against Heart of Atlanta Motel, Inc., a Georgia corporation; Moreton Rolleston, Jr.; and Allen G. Webb. The action is based on Section 4 of the Clayton Act,[1] which permits any person injured in his business by reason of a vio-

1. "That any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides, or is found, or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." (Section 4, Clayton Act, 15 U.S.C.A. § 15)

lation of the antitrust laws to sue for treble damages. The substantive provisions allegedly violated by defendants are Sections 1 and 2 of the Sherman Act,[2] which provide that persons who conspire to restrain trade, monopolize trade, or attempt to or conspire to monopolize trade are guilty of a criminal act.

The original complaint contained the following allegations:

Plaintiff has purchased a certain described piece of real property from the Housing Authority of the City of Atlanta, and plans, contracts, and construction have been entered upon for the erection of a motor hotel on the property. The corporate defendant owns and operates one motel in the City of Atlanta with approximate gross business of $800,000.00 per annum; the individual defendants are principal stockholders and directors of the corporate defendant, and defendant Rolleston is the president of the corporate defendant. The corporate defendant's motel uses, is used in, and substantially affects interstate commerce. Plaintiff's motel will be a serious threat of competition to the corporate defendant's motel.

Finally, it is alleged that the defendants caused to be instituted in the Superior Court of Fulton County, Georgia, a "legal proceeding" against the plaintiff and the Atlanta Housing Authority to have the above sale of land to plaintiff set aside and declared null and void. This action was allegedly taken pursuant to a conspiracy among the defendants to restrain trade and commerce, was an effort to maintain defendants' present monopoly of interstate trade and commerce in the motel and hotel business in Atlanta, was

an attempt to monopolize said trade and commerce, and was part of a conspiracy among defendants to monopolize said trade and commerce.

Plaintiff claims to have suffered $1,000,000.00 damages, and seeks judgment for $3,000,000.00, attorneys' fees, and costs.

After defendants filed a motion to dismiss, the plaintiff filed an amended complaint repeating the allegations and prayers of the original complaint and alleging, in addition, that defendants conspired not only with each other but also with four other hotel corporations and a partnership in the hotel and motel business in the Atlanta area; that each of the alleged co-conspirators was of a certain specified size and had a certain specified gross annual business; and that the lawsuit instituted by defendants is groundless, as defendants knew or should have known, and defendants were not acting in good faith but were without cause or reasonable grounds to have agreed to have the suit instituted.

There are two questions presented for this Court's determination by the motion of defendants. These questions are:

(1) Can the major hotels, motels, and motor hotels in and around the City of Atlanta, Georgia, which between them have approximately half of the guest rooms which would compete with the proposed motor hotel by the plaintiff Marriott, contract, combine, conspire, and agree between themselves, their officers, agents and employees to restrain plaintiff from engaging in such a competing

**2.** "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal * * *. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a misdemeanor * * *." (Section 1, Sherman Act, 15 U.S.C.A. § 1)

"Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a misdemeanor * * *." (Section 2, Sherman Act, 15 U.S.C.A. § 2)

business, and as a part of said conspiracy, and as a part of an attempt to monopolize and to maintain their present monopoly, cause to be instituted a groundless suit in the State Court of Georgia to seek to have the deed to the property to be used by the plaintiff set aside, without subjecting themselves to liability for triple damages under the Sherman Act? *and*

(2) Is the operation of major hotels, motels and motor hotels in and around the City of Atlanta, Georgia, a center of trade for the Southeastern United States, subject to the Sherman Act because such activities have a "substantial effect on interstate commerce" as well as because it is a part of, and directly affects, the "continuous and indivisible stream of intercourse between the states"?

As to the first ground of the defendants' motion, defendants argue that the mere filing of a lawsuit by defendants and other competitors in a State Court, as a taxpayer, to test the legality of the dealings between the City of Atlanta Housing Authority and Marriott could not constitute a criminal act in violation of Sections 1 and 2 of the Sherman Act. However, the gravamen of the offense as set out in Marriott's complaint is not the filing of the lawsuit in the State Court, but the offense alleged is the illegal combination, conspiracy and agreement by the defendants and others to keep out the prospective competitor, plaintiff Marriott, in order that the conspirators may continue their monopoly over certain types of tourist accommodations. The filing of the lawsuit in the State Court is alleged to be an instrumentality of their conspiracy. As was stated by Circuit Judge Wilson in the case of Mitchell Woodbury Corporation v. Albert Pick Barth Company, Inc., 1 Cir., 41 F.2d 148, 150:

"That the several acts done in furtherance of the alleged conspiracy by themselves alone do not constitute any federal offense is of no consequence, if the purpose and intent is to restrain interstate commerce. Swift & Co. v. United States, 196 U. S. 375, 395, 25 S.Ct. 276, 49 L.Ed. 518; Binderup v. Pathe Exchange, 263 U.S. 291, 312, 44 S.Ct. 96, 100, 68 L.Ed. 308. The object and intent of the combination determines its legality. Loewe v. Lawlor, 208 U.S. 274, 297, 28 S.Ct. 301, 52 L.Ed. 488, 13 Ann.Cas. 815.

"To what extent it was done, whether to an unreasonable extent, must be left for proof. The plaintiff is not required in its declaration to set forth in detail all the evidence on which it relies. Ballard Oil Terminal Corp. v. Mexican Petroleum Corp., (C.C.A.) 28 F.(2d) 91, 98. It is sufficient, unless objected to for lack of particularity, if it alleges with substantial certainty that a conspiracy existed, that its purpose was to deprive the plaintiff of its interstate business and thus destroy interstate competition; that there was restraint in interstate competition in consequence of the conspiracy, and that the plaintiff was thereby injured."

See also Kellogg Company v. National Biscuit Company, 2 Cir., 71 F.2d 662.

The case of Crummer Company v. Du-Pont, 223 F.2d 238 (C.A. 5, 1955) cited by the defendants, does not, in this Court's opinion, support the contentions of the defendants.

The second ground of defendants' motion raises the question of whether the hotel industry in Atlanta, Georgia, is subject to the Sherman and Clayton Anti-Trust Acts. Allegations of the amended complaint as to the situation of Atlanta as being a hub of trade and commerce bring this case within the doctrine of the "continuous and indivisible stream of intercourse among the states" enunciated in United States v. South-Eastern Underwriters Association, 322 U.S. 533, 64

S.Ct. 1162, 88 L.Ed. 1440. In the case of United States v. Shubert, 348 U.S. 222, 75 S.Ct. 277, 99 L.Ed. 279, the Supreme Court held the defendant Shubert to be engaged in interstate commerce even though "the actual performance of a legitimate stage attraction 'is of course a local affair' ".

Even if, in this modern day of travel, these hotels and motels only exert a "substantial effect on interstate commerce", they would be covered by the antitrust laws. See United States v. Darby, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609. In the Darby case, the Supreme Court held:

"But it does not follow that Congress may not by appropriate legislation regulate intrastate activities where they have a substantial effect on interstate commerce. * * * In such legislation Congress has sometimes left it to the courts to determine whether the intrastate activities have the prohibited effect on the commerce, as in the Sherman Act."

In the case of Las Vegas Merchant Plumbers Association v. United States, 210 F.2d 732 (C.A. 9, 1954) it was held:

"In the enactment of the Sherman Act Congress exercised its full power over interstate commerce. U. S. v. Frankfort Distilleries, 1945, 324 U.S. 293, 298, 65 S.Ct. 661, 89 L.Ed. 951; U. S. v. South-Eastern Underwriters Ass'n, 1944, 322 U.S. 533, 558, 64 S.Ct. 1162, 88 L.Ed. 1440; U. S. v. Chrysler Corp., etc., infra.

"The Sherman Act therefore extends not only to transactions in the stream of interstate commerce, but also to intrastate transactions which substantially *affect* interstate commerce. U. S. v. Chrysler Corp., etc., 180 F.2d at page 560 infra; Mandeville Island Farms, Inc., v. American Crystal Sugar Co., 1948, 334 U.S. 219, 235, 68 S.Ct. 996, 92 L.Ed. 1328."

Since the Sherman Act is at least as extensive as any other Congressional regulation based on the commerce clause, the Supreme Court of the United States has, in effect, decided this point when it reversed the affirmance by the United States Court of Appeals for the District of Columbia Circuit of a judgment of the United States District Court for the District of Columbia which upheld the refusal of the National Labor Relations Board to exercise jurisdiction with respect to the hotel industry. The Supreme Court said in Hotel Employees Local, etc. v. Leedom, 358 U.S. 99, 79 S.Ct. 150, 3 L.Ed.2d 143 (1958):

"We believe that dismissal of the representation petition on the sole ground of the Board's 'long standing policy not to exercise jurisdiction over the hotel industry' as a class, is contrary to the principles expressed in Office Employes International Union, Local No. 11 AFL–CIO v. National Labor Relations Board, 1957, 353 U.S. 313, 318–320 [77 S.Ct. 799, 802–803, 1 L.Ed.2d 846] (1957). The judgment is therefore reversed and the case remanded to the Court of Appeals for proceedings not inconsistent herewith."

Since the decision in Hotel Employees Local, etc. v. Leedom, supra, the National Labor Relations Board has exercised jurisdiction over that part of the hotel industry comprising hotel and motel enterprises, exclusive of residential hotels or motels. See Floridian Hotel of Tampa and Local No. 104, Hotel and Restaurant Employees and Bartenders Union, Case No. 12–RC–508 (1959), 124 NLRB 261, in which the Board said:

"It is now well settled that, in making the provisions of the Act applicable to labor disputes which affect commerce or tend to affect commerce, Congress undertook to regulate all conduct having such consequences as might constitutionally be regulated under the commerce clause. There can be no doubt that the Employer's operations come within this broad coverage of the Act. The Employer provides necessary services to members of the travelling public who travel in interstate commerce. In addition it purchases

274

goods from points outside the State of Florida. Whether the Board has jurisdiction over the Employer's operations is not to be determined by confining judgment to the quantitative effect of the activities immediately before the Board in this case. The hotel industry is a $2,400,000,000 industry. Its primary function is to furnish lodging facilities, food and beverages, and other services to members of the travelling public. Thus, the operations of the industry facilitate the movement of persons in this country, and labor disputes which interfere with hotel operations also exert or tend to exert an impact upon the operations of the various media of passenger transportation. In addition the industry makes substantial purchases of foods, beverages, china, silverware, linens, carpeting, furniture, and utility services such as heat, power, and light, as well as various types of insurance and advertising. In the case of a particular hotel, such purchases may or may not directly involve interstate commerce, but in the aggregate, such purchases of the industry clearly have a substantial impact on the operations of the various supplying industries, and involve substantial shipments of goods and materials in interstate commerce. As the Employer's operations are representative of operations in the hotel industry generally, and as the operations of that industry affect commerce within the meaning of the Act, we find that the operations involved herein are within the Board's statutory jurisdiction."

It appears to this Court that the Anti-Trust Acts are at least as extensive in their jurisdictions as the National Labor Relations Act.

For the reasons stated above, it does not appear to the Court that either of the grounds of dismissal advanced by the defendants have merit, and the motion to dismiss is hereby overruled.

It is so ordered.