NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

LOCAL 3, INTERNATIONAL BROTH-
ERHOOD OF ELECTRICAL WORK-
ERS, AFL-CIO, Respondent.

No. 117, Docket 28183.

United States Court of Appeals
Second Circuit.

Argued Oct. 30, 1963.

Decided Dec. 30, 1963.

Arnold Ordman, Gen. Counsel, Domi-
nick L. Manoli, Associate Gen. Counsel,
Marcel Mallet-Prevost, Asst. Gen. Coun-
sel, Warren M. Davison and Arthur M.
Goldberg, Attys., for petitioner.

Harold Stern, New York City, for re-
spondent. Harold Stern and Norman
Rothfeld, New York City, of counsel.

Before SWAN, CLARK and MAR-
SHALL, Circuit Judges.

PER CURIAM.

This case is before us on the petition
of the National Labor Relations Board
for enforcement of its order of January
22, 1963, which found that Local 3, In-
ternational Brotherhood of Electrical
Workers, AFL-CIO, had violated section
8(b) (4) (i) and (ii) (B) of the Nation-
al Labor Relations Act, 29 U.S.C. § 151
et seq., as amended. The order directs
respondent to cease and desist from the
unfair labor practices found, and to post
appropriate notices. The answer of Lo-
cal 3 denies that the order is based on
substantial evidence and prays that the
proceeding be dismissed.

In 1961 New York Telephone Company
(hereafter the Company) was engaged in
constructing a central office building at
Idlewild Airport. The Company engaged
Auserehl as its general contractor, and
the latter subcontracted the electrical
work to Johnson, who employed mem-
bers of Local 3. Thereafter the Com-
pany awarded a contract for laying un-
derground conduit to Delee, who em-
ployed members of a different union.
Respondent protested that the conduit
work belonged to it. The Company also
had work in Manhattan, unrelated to the
Idlewild project, on which the electrical

**562**

work was being done by Lite-Rite, which also employed members of Local 3.

Section 8(b) (4) (i) and (ii) (B) provides that a union may not "induce or encourage" any employee, or "threaten, coerce, or restrain any person" with the unlawful object of effecting a secondary boycott. N. L. R. B. v. International Hod Carriers, Bldg. and Common Laborers' Union of America, Local 1140, A.F.L.–C.I.O., 8 Cir., 285 F.2d 397, 400, cert. den., 366 U.S. 903, 81 S.Ct. 1047, 6 L.Ed.2d 203; N. L. R. B. v. Local 294, International Brotherhood of Teamsters, etc., 2 Cir., 298 F.2d 105, 107–108; N. L. R. B. v. Plumbers Union of Nassau County, 2 Cir., 299 F.2d 497; N. L. R. B. v. Highway Truckdrivers and Helpers, Local No. 107, 3 Cir., 300 F.2d 317. In the case at bar the Board found that Local 3 induced or encouraged employees of Johnson and Lite-Rite to cease work, and threatened, restrained or coerced the Company, Johnson, and Lite-Rite, with an object of forcing or requiring the Company, Auserehl, Johnson and Lite-Rite to cease doing business with each other or with Delee. We see no ground for this court to upset the Board's findings.

■ The respondent contends that three questions are presented. The first is whether the by-law of Local 3, which prohibits union members from "giving away work" constitutes an illegal "inducement" violative of section 8(b) (4) (i) of the National Labor Relations Act, as amended. The Board concluded that Local 3 was responsible for inducing Johnson's employees to cease work at Idlewild, and said that its conclusion was "buttressed" by the by-law. This was correct. See Joliet Contractors Association v. N. L. R. B., 7 Cir., 202 F.2d 606, 611–612, cert. den., 346 U.S. 824, 74 S.Ct. 40, 98 L.Ed. 349; N. L. R. B. v. Local 135, International Brotherhood of Teamsters, etc., 7 Cir., 267 F.2d 870, 873, cert. den., 361 U.S. 914, 80 S.Ct. 258, 4 L.Ed.2d 184; N. L. R. B. v. International Brotherhood of Teamsters, etc., Local 182, 2 Cir., 228 F.2d 83, 84.

■ The second question posed by respondent is whether a work stoppage constitutes a "threat" violative of section 8(b) (4) (ii) of the Act. The Board concluded, disagreeing with the Trial Examiner, that respondent's threat to the Company had an object of forcing the Company to cease doing business with Delee, and constituted a violation of section 8(b) (4) (ii) (B). We agree.

■ Finally, the respondent complains that no legal basis exists for the broad scope of the Board's order because the Trial Examiner received a rebuttal report of work stoppages at the Company's jobs which were not mentioned in the Board's complaint. We see no merit in this highly technical contention.

The petition for enforcement is granted.