**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

and

**Telecom Plus of New York City, Inc., Intervenor,**

v.

**LOCAL 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Respondent.**

**No. 169, Docket 88–4083.**

United States Court of Appeals, Second Circuit.

Argued Nov. 2, 1988.

Decided Nov. 4, 1988.

Julie B. Broido, N.L.R.B., Washington, D.C. (Rosemary M. Collyer, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Associate Gen. Counsel, Aileen A. Armstrong, Deputy Associate Gen. Counsel, Peter Winkler, N.L.R.B., Washington, D.C., of counsel), for petitioner.

Norman Rothfeld, New York City, for respondent.

Robert Lewis, New York City (Frances Mary Maloney, Jackson, Lewis, Schnitzler & Krupman, New York City, of counsel), for intervenor.

Before LUMBARD, WINTER and MINER, Circuit Judges.

PER CURIAM:

This case raises no difficult legal or factual issues. It involves picketing by Local 3, International Brotherhood of Electrical Workers ("Local 3") of Telecom Plus

of New York City, Inc., an entity which had recognized a labor organization other than Local 3 as the bargaining representative of its employees. The National Labor Relations Board ("the Board") found that Local 3 had engaged in recognitional or organizational picketing in violation of §§ 8(b)(7)(A) and (C), 29 U.S.C. §§ 158(b)(7)(A) and (C) (1982). In so finding, the Board was supported by ample evidence. In rejecting Local 3's "ally doctrine" defense, the Board correctly found no place for that doctrine in a Section 8(b)(7) proceeding. In construing Local 3's "single employer" defense as an "alter ego" defense, and in rejecting that defense despite the common ownership of Telecom Plus of New York and another entity against which Local 3 was on strike, the Board merely followed *Howard Johnson Co. v. Hotel & Restaurant Employees*, 417 U.S. 249, 94 S.Ct. 2236, 41 L.Ed.2d 46 (1974); *Southport Petroleum Co. v. NLRB*, 315 U.S. 100, 62 S.Ct. 452, 86 L.Ed. 718 (1942); and *Goodman Piping Products, Inc. v. NLRB*, 741 F.2d 10 (2d Cir. 1984).

 Finally, in issuing a broad cease and desist order against Local 3, the Board had abundant justification in Local 3's long history of unfair labor practices. Indeed, we publish this opinion only to render the historical record of Local 3's offenses complete. Since 1960, Local 3 has been found to violate Section 8(b) of the National Labor Relations Act ("the Act") at least twenty-three times; *Local 3, IBEW (Picker X-Ray Corp.)*, 128 NLRB 566 (1960); *Local 3, IBEW (New York Telephone Co.)*, 140 NLRB 729 (1963), *enf'd*, 325 F.2d 561 (2d Cir.1963); *Western Electric Co.*, 144 NLRB 1318 (1963), *enf'd*, 339 F.2d 145 (2d Cir.1964); *Local 3, Electrical Workers (Darby Electric Corp.)*, 153 NLRB 717 (1965), *enf'd*, 362 F.2d 232 (2d Cir.1966); *Local 3, IBEW (New York Telephone Co.)*, 193 NLRB 758 (1971), *enf'd*, 467 F.2d 1158 (2d Cir.1972); *Local 3, IBEW (New York Telephone Co.)*, 197 NLRB 328 (1972), *enf'd*, 477 F.2d 260 (2d Cir.), *cert. denied*, 414 U.S. 1065, 94 S.Ct. 572, 38 L.Ed.2d 470 (1973); *Local 3, IBEW (New York Telephone Co.)*, 197 NLRB 866 (1972); *Local 3, IBEW (Madison Square Garden Center,*

*Inc.)*, 202 NLRB 722 (1973); *Local 3, IBEW (HyCan Electric Co. Inc.)*, 204 NLRB 193 (1973); *Local 3, IBEW (Eastern States Electrical Contractors, Inc.)*, 205 NLRB 270 (1973); *Local 3, IBEW (Mansfield Contracting Corp.)*, 205 NLRB 559 (1973); *Local 3, IBEW (Mansfield Contracting Corp.)*, 206 NLRB 423 (1973), *overruled on other grounds*, 289 NLRB No. 4 (1987–1988); *Local 3, IBEW (Wickham Contracting Co.)*, 220 NLRB 785 (1975), *enf'd*, 542 F.2d 860 (2d Cir.1976); *Local 3, Electrical Workers (Gessin Electrical Contractors, Inc.)*, 224 NLRB 1484 (1976), *enf'd mem.*, 556 F.2d 574 (2d Cir. 1977); *Local 3, IBEW (New York Electrical Contractors Assoc., Inc.)*, 244 NLRB 357 (1979); *Local 3, IBEW (L.M. Ericsson Telecommunications, Inc.)*, 257 NLRB 1358 (1981), *enf'd on consent*, No. 82–4030 (2d Cir. Apr. 5, 1982); *Local 3, Electrical Workers (Walter Sign Corp.)*, 260 NLRB 1332 (1982); *Local 3, IBEW (General Dynamics Communications Co.)*, 264 NLRB 705 (1982), *enf'd mem.*, 742 F.2d 1438 (2d Cir.1983); *Local 3, IBEW (Northern Telecom)*, 265 NLRB 213 (1982), *enf'd*, 730 F.2d 870 (2d Cir.1984); *Local 3, IBEW (Telecom Equipment Corp. of New York, Inc.*, 269 NLRB 124 (1984); *Local 3, IBEW (Kidder Peabody & Co.)*, 270 NLRB 1025 (1984); *Local 3, IBEW (Hunts Point Electrical Wiring Service, Inc.)*, 271 NLRB 1580 (1984).

Of those twenty-three, four involved Section 8(b)(7), the subsection at issue here: *Local 3, Electrical Workers (Hunts Point Electrical Wiring Service, Inc.)*, 271 NLRB 1580 (1984); *Local 3, Electrical Workers (Walter Sign Corp.)*, 260 NLRB 1332 (1982); *Local 3, Electrical Workers (Gessin Electrical Contractors, Inc.)*, 224 NLRB 1484 (1976), *enf'd mem.* 556 F.2d 574 (2d Cir.1977); *Local 3, Electrical Workers (Darby Electric Corp.)*, 153 NLRB 717 (1965), *enf'd*, 362 F.2d 232 (2d Cir.1966).

It was this pattern of misconduct that led us, four terms ago, expressly to reprimand Local 3 as "an incorrigible secondary boycotter with a two-decade-long history of secondary boycott activity," *NLRB v. Lo-*

*cal 3, Int'l Broth. of Elec. Wkrs. (Northern Telecom)*, 730 F.2d 870, 880 (2d Cir. 1984), and to enforce a broad cease and desist order against violations of Section 8(b)(4). It is the same pattern of misconduct that requires the enforcement of another broad cease and desist order here.

As we stated in enforcing the Board's broad Section 8(b)(4) order,

> the NLRB has a duty to impose "broader and more stringent remedies against a recidivist than those usually invoked against a first offender."

(*Northern Telecom* ), 730 F.2d at 881 (citation omitted). The same language is appropriate here, for Local 3 is not only a recidivist as a secondary boycotter but also as a Section 8(b)(7) violator. "[W]ith its well-demonstrated proclivity for unlawful ... pressures, [Local 3] is hardly in a position to complain that the order imposed is too broad." *Id.*

Enforcement granted.