GEORGE E. RICHESON, Appellant, v. H. M. ROEBBER.—159 S. W. (2d) 658.

Division Two, December 16, 1941.

Rehearing Denied, March 13, 1942.

*R. E. Kleinschmidt* and *Edgar & Matthes* for appellant.

134

*Jerry B. Burks* for respondent.

WESTHUES, C.—Appellant filed this a malpractice suit in which he asked damages in the sum of $20,000.00 from the defendant for alleged negligence in treating plaintiff's leg which was broken in a car accident. At the close of plaintiff's case the trial court

directed a verdict for the defendant and from the judgment entered plaintiff appealed.

The sole question for our review is whether plaintiff made a submissible case for a jury. Respondent in his brief, under point one, stated:

''The petition charges specific acts of negligence. In such case it is incumbent on plaintiff to prove the allegations. In this he failed. The doctrine of inferred negligence or res ipsa loquitur has no application in such cases.''

One of the charges in the petition reads as follows:

''Plaintiff further states that defendant negligently, carelessly and unskillfully pursued and employed the wrong method of treatment of plaintiff's said injury for a period of about 8 weeks, at said hospital, in that he failed and neglected to properly operate and set and align the bone but, instead, merely attached weights to plaintiff's said leg, which method of treatment failed to bring about a proper alignment in plaintiff's said leg, . . .''

The defendant in answer to the above charge stated in his answer:

''Further answering, defendant states that at and prior to the time he undertook to adjust and treat the broken leg of defendant, and at divers times thereafter, he advised plaintiff that an operation on his leg was necessary to obtain or approximate a good result, union and alignment of the broken bones of his leg, and urged plaintiff to submit to an operation; that plaintiff declined and refused to permit defendant to operate, and so defendant states and charges the fact to be, that if there was an improper or insufficient union, or alignment, of the bones of plaintiff's leg, as alleged, the same was the direct result of plaintiff's refusal to permit an operation, . . .''

Defendant's deposition was taken and plaintiff introduced a portion thereof in evidence. In this deposition the defendant testified to the following:

''Q. When was the next picture taken, Doctor? A. The next picture was taken on the 19th, after a lot of argument pro and con. This second picture, showing that the fracture was not reduced, caused me to once more plead with him to have an operative reduction of it, because it was very evident that traction to the amount that had been applied up to that time was not sufficient to reduce the overriding. I did apply additional weight.

''Q. You had another discussion with him about it? A. I talked with him several times a day, every day.

''Q. On each occasion did you tell him the proper thing to do was to cut into that leg? A. I went further. I pointed out to him that he would not get a satisfactory reduction with this method alone, as it had already been proved by what the X-rays showed.''

Plaintiff was injured on July 10, 1938. The X-ray photograph of which defendant spoke in his deposition was taken on July 19, 1938.

Plaintiff was twenty-two years of age when injured. He testified that after being treated by the defendant for several months he went to St. Louis to the Missouri Baptist Hospital where a Dr. Kleinfelter performed an operation and properly treated and set his leg with good result. An X-ray photograph of plaintiff's leg, taken at the St. Louis hospital previous to the operation, was introduced in evidence. This photograph revealed that the broken bone had not been set or aligned.

It is our opinion that the defendant's answer and his evidence constituted an outright admission that he used a method of treating plaintiff's leg which he knew at the time was not proper and would not bring about a satisfactory result. It amounts to a confession and avoidance. Plaintiff, as well as his father, emphatically denied that plaintiff refused to submit to an operation as claimed by the defendant, and that the defendant at any time suggested an operation as stated in his answer and deposition. Whether or not plaintiff refused to submit to an operation and whether the defendant advised such an operation were, under the conflicting evidence, questions for a jury to decide. We rule therefore that plaintiff made a case for a jury.

Respondent asserts that since plaintiff introduced the deposition of the defendant he was bound by the evidence thus introduced and therefore his case must fail. To this we cannot agree. The deposition of the defendant contained damaging admissions and plaintiff had a right to introduce it for the purpose of aiding his case. Plaintiff would have been bound by the evidence, if the evidence of the doctor as to his advice to plaintiff to submit to an operation and as to plaintiff's refusal, had been the only evidence on that point. But plaintiff denied that he refused or that the doctor advised an operation. Plaintiff had the right to introduce evidence contradicting that given by the defendant even though the plaintiff called the defendant as a witness. [See 70 C. J., 1156, sec. 1341, page 1159, sec. 1342, and cases there cited.] In Smith v. Ohio, Millers' Mut. Fire Ins. Co., 320 Mo. 146, 6 S. W. (2d) 920, l. c. 929 (15), this court said:

"As said in Black v. Epstein, supra, 221 Mo. l. c. 304, 120 S. W. 760, a party may not *directly* impeach his own witness, but it does not follow that he cannot introduce other evidence, if of independent probative force, even though it be contradictory of what the witness said. [Maginnis v. Mo. Pac. Ry. Co., 268 Mo. 667, 675, 187 S. W. 1165.]" [See also United Factories v. Brigham, 117 S. W. (2d) 662, l. c. 666 (7); Jones v. Chi., R. I. & P. R. Co., 341 Mo. 640, 108 S. W. (2d) 94, l. c. 97 (1-4); Lolordo v. Lacy, 337 Mo. 1097, 88 S. W. (2d) 353.]

Respondent urges that plaintiff introduced no expert evidence to prove that the defendant was negligent in using a skeletal traction

method in setting plaintiff's leg in lieu of an operation; that defendant had the right, under the circumstances, to use his own best judgment as to the method of reduction and treatment of the broken leg. But it must be noted the defendant's own evidence was, that he used a method which he knew was not practical under the circumstances and would not accomplish a satisfactory result. A dozen expert witnesses could not have added much to that. Expert evidence is not always essential in malpractice cases to make an issue for a jury. [48 C. J. 1150; Seewald v. Gentry, 220 Mo. App. 367, 286 S. W. 445, l. c. 449 (6).] It has been held in some cases that the result of the treatment itself may be sufficient. [Evans v. Roberts, 172 Iowa, 653, 154 N. W. 923; Wharton v. Warner, 75 Wash. 470, 135 Pac. 235.] In the case before us the X-ray photograph of plaintiff's leg, taken before the operation by Dr. Kleinfelter at the hospital in St. Louis, disclosed a very unsatisfactory result. That, coupled with the defendant's admissions, and the further fact that the operation in St. Louis was a success, certainly made a case for a jury. The question of whether plaintiff refused to permit the defendant to perform an operation was, as stated above, a question for a jury.

The judgment is reversed and the cause remanded for trial. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. *Ellison, J.,* and *Tipton, P. J.,* concur; *Leedy, J.,* doubtful.