Donald L. CHRISTENSEN, Appellant,

v.

OSAKIS SILO COMPANY, a Corporation, Appellee.

No. 19894.

United States Court of Appeals,
Eighth Circuit.

April 28, 1970.

Robert Vogel, Mandan, N. D., for appellant.

Gerald S. Rufer, Fergus Falls, Minn., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and GIBSON, Circuit Judges.

This is an appeal by plaintiff Christensen from judgment based on a jury verdict dismissing his claim for injuries sustained when he fell from a silo when a door on which ladder steps were constructed fell inward into the silo. Jurisdiction based on diversity of citizenship and the requisite amount is established. The accident occurred in North Dakota; the parties agree that North Dakota law controls.

The defendant had sold the silo to the plaintiff in 1957. The accident occurred on December 14, 1966. Liability was predicated upon, (1) negligence of the defendant in the design and construction of the silo and failure to give warning of inherent dangers, (2) warranty, and (3) strict liability in tort.

The court submitted the case to the jury on negligence. The jury found for the defendant. No error is asserted with respect to the disposition of the negligence issue. The warranty issue was not submitted, possibly because the statute of limitations had run. In any event, no exception was taken to the court's failure to submit the warranty issue and no error is urged upon appeal in that respect.

The only issue raised upon this appeal is that the court committed prejudicial error in failing to submit the case to the jury on strict liability in tort. The plaintiff requested an instruction reading:

"One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, if

(a) The seller is engaged in the business of selling such a product, and

(b) It is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"The rule stated above applies although the seller has exercised all pos-

sible care in the preparation and sale of his product.

Authority: 2 Restatement of Torts 2d., Section 402(a)."

The request was denied. No instruction was given on strict liability. Defendant by a proper record made in the trial court has preserved his right to assert this error here. The case was commenced in the District of Minnesota and was tried before Chief Judge Devitt. The court ruled that North Dakota had not adopted strict liability in tort and that hence an instruction on strict liability in tort should not be given.

We do not regard the facts crucial to the issue presented. Hence we will summarize them briefly. Plaintiff had purchased the silo from which he fell in 1957. He had previously owned an identical silo with the same type of door closure and steps. He was local sales representative of defendant and was entirely familiar with the features of the silo. He conceded as a witness that the silo he purchased was exactly what he had ordered.

Wooden doors are provided to hold the silage in place. They are fastened to a frame by a stationary clamp at the bottom and by a rotating clamp at the top. Bars are placed on the door to serve as a ladder for climbing up the silo. Plaintiff, while not certain how the upper clamp was released, expressed the opinion that he likely turned it inadvertently with his foot as he was using the ladder. There is no claim that the door and the closing devices were defective. They were put back in place immediately after the accident and have been used ever since. The defect claimed by plaintiff is a defect in observing proper safety standards in designing the silo.

The silo purchase agreement contains a disclaimer reading:

"5. The company makes no express warranties and no warranties are to be implied on the sale herein; and that no representations or promises except as contained herein are relied upon by the purchaser in offering to contract and contracting with the company."

Plaintiff was asked and answered:

"Q. And you knew and understood those terms and conditions when you made the sale to the neighbors and when you purchased, did you not.

A. Yes sir."

The warranty disclaimer was pleaded as a defense.

█ It of course is the right and duty of the Supreme Court of a state to determine the law of the state. It is the function of this court in a diversity case to determine to the best of its ability what the applicable state law is, not what the state law should be. The considered opinion of a district judge as to state law is entitled to respect and should not be upset unless it is shown that the district court misconceived or misapplied state law. Simpson v. Skelly Oil Co., 8 Cir., 371 F.2d 563, 567; Universal Underwriters Ins. Co. v. Wagner, 8 Cir., 367 F.2d 866, 873–874.

Plaintiff in brief concedes that the Supreme Court of North Dakota has not in express words stated it was adopting strict liability in tort but he insists that the opinions of that court indicate that it has in substance done so. Plaintiff places considerable reliance on an article by Dean Prosser, "The Fall of the Citadel (Strict Liability to the Consumer)", 32 ATL L.J. 1. It is true that Professor Prosser there lists North Dakota as one of eighteen states that has adopted strict liability without negligence and without privity as to manufacturers of all types of products. The only North Dakota case cited in support of the text is Lang v. General Motors, N.D., 136 N.W.2d 805. We find nothing in that case or any other North Dakota case which indicates that the court is adopting strict liability in tort. The court does eliminate privity as an essential element to an action for breach of warranty against a manufacturer. The court states:

"Accordingly, under modern marketing conditions, when a manufacturer

puts a new truck-tractor or other new product into the stream of trade and promotes its sale to the public, an implied warranty that it is reasonably fit and suitable for use, as such, accompanies such new vehicle into the hands of the ultimate buyer. Absence of privity between the manufacturer and the buyer is immaterial.

"In the case before us, it appears from the record that there was a lack of due care in the manufacture of the truck-tractor. For reasons stated herein, we hold that the complaint of the plaintiff in this case does state a cause of action, on either the theory of negligence or implied warranty." 136 N.W.2d 805, 810.

In Knecht v. Universal Motor Co., N. D., 113 N.W.2d 688, the North Dakota court in upholding a waiver of an implied warranty observes:

"Under the weight of authority, including prior decisions of this court, such a disclaimer is valid and effective. We are aware of the recent decision in State Farm Mutual Automobile Insurance Company v. Anderson-Weber, Inc., Iowa, 110 N.W.2d 449, and the cases cited therein that seem to take the view that such a disclaimer of implied warranty is against public policy. However, in Minneapolis Threshing Machine Company v. Hocking, 54 N.D. 559, 209 N.W. 996, this court held that a disclaimer of implied warranty similar to the one here involved was not against public policy. We are not constrained to overrule that decision * * *." 113 N.W.2d 688, 694.

In *Lang*, supra, the court cites the *Knecht* holding on waiver of warranty but holds that it cannot be applied in support of the summary judgment for the defendant, saying, "Whether there was a waiver by the plaintiff would be a matter of defense, which cannot be decided on a motion for summary judgment." 136 N.W.2d 805, 807.

Thus it would appear that in warranty cases a party may with knowledge of the facts waive an implied warranty and that the North Dakota court does not follow the holding of cases from some other jurisdictions to the effect that a waiver of warranty is against public policy.

It would seem that the treatment of waiver by the North Dakota court in warranty cases would be inconsistent with a policy of creating strict liability in tort on the same facts.

In Lindenberg v. Folson, N.D., 138 N.W.2d 573, plaintiff received a judgment, for injuries inflicted, against her employer and the manufacturer of a machine which she alleged to be defective. The court during the course of its opinion states:

"It is also true that the manufacturer of a chattel owes a duty of care toward a user, although there is no privity of contract between them, where the article is inherently dangerous or where it is reasonably certain, if negligently designed or manufactured, to place life and limb in peril.

\* \* \* \* \* \*

"In an annotation of the duty of a manufacturer with respect to design of a product, it is stated:

'\* \* \* the standard which the courts have established is the traditional one of reasonable care. \* \* The effect of this standard is to impose upon the manufacturer the duty so to design his product as to make it not accident-proof, but safe for the use for which it is intended.' 76 A.L.R.2d 94." 138 N.W.2d 573, 582.

The *Lindenberg* case demonstrates that the law of North Dakota requires proof of negligence before a manufacturer is liable in tort to the user of a product. Recovery under negligence theory requires proof of substantially more elements than strict liability in tort and therefore if a court holds that a person must prove negligence in order to recover, the same court would not likely hold that a person could recover on the lesser standard of strict liability in tort. We feel that North Dakota in *Lindenberg* has adhered to the negligence concept of liability of a manufacturer to a consumer

and such concept is inconsistent with permitting recovery on strict liability in tort.

Plaintiff urges that Judge Davies in Stromsodt v. Parke-Davis and Co., D.C., 257 F.Supp. 991, lends support to his position that North Dakota has adopted strict liability in tort. Judge Davies specifically states that it is unnecessary for him to forecast whether North Dakota would apply § 402 A of Restatement to the facts of the case before him. In our affirming opinion reported at 411 F.2d 1390, 8 Cir., we observed that North Dakota has permitted recovery without privity for breach of implied warranty of fitness by a manufacturer. Nothing is said about strict liability in tort.

Plaintiff further urges that an instruction was given on strict liability by Judge Register, in an unreported case. All we have before us with respect to that case is an isolated requested instruction which was modified and given by the court in a product liability case. It is noteworthy that the judge deleted from the requested instruction the words "which is not dependent upon a showing of negligence or fault or wrongdoing on the part of the defendant." Moreover, there is nothing before us to show what the judge bases his giving such instruction on or that all aspects of the instruction were argued and considered by him.

Plaintiff also has produced an instruction given by a state trial court judge on strict liability in tort. This is not persuasive on the applicable North Dakota law, particularly in light of our analysis and interpretation of the North Dakota Supreme Court opinions.

The North Dakota court in the cases hereinabove discussed and doubtless in other situations has had ample opportunity to adopt strict liability in tort. If it chose to do so, it would be a simple matter for the court to so declare in its opinions. It appears to us that the court by its silence on the issue and its stressing in the cases liability based upon negligence and warranty has refused to adopt strict liability in tort and has instead considered liability predicated upon negligence or breach of warranty with privity removed as adequate.

 Plaintiff has failed to demonstrate that the trial court had misinterpreted or misapplied the controlling North Dakota law in making its determination that North Dakota has not adopted strict liability in tort. It follows that no error was committed in refusing to instruct on strict liability in tort.

The judgment is affirmed.