**Norma J. JOHNSON et al.,**
**Plaintiffs,**

v.

**AMERICAN AVIATION CORPORA-**
**TION et al., Defendants.**

**Civ. No. A3–74–58.**

United States District Court,
D. North Dakota,
Southeastern Division.

Oct. 10, 1974.

---

Lester J. Trnka, Oakes, N. D., for plaintiffs.

J. Gerald Nilles, Nilles, Hansen, Selbo, Magill & Davies, Ltd., Fargo, N. D., for American Aviation Corp. and Grumman American Aviation Corp.

H. Patrick Weir, Vogel, Vogel, Brantner & Kelly, Fargo, N. D., for Avco Corp., Avco-Lycoming Div. and Borg-Warner Corp.

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

This action arises out of an aircraft accident near Oakes, North Dakota, resulting in the death of Willys G. Johnson. The plaintiffs are survivors of the decedent. The defendants are the purported designers, manufacturers, and sellers of the allegedly defective aircraft stated to be the cause of the accident in which the decedent was killed. Defendant Grumman American Aviation Corporation has moved to strike, pursuant to Rule 12(f), Federal Rules of Civil Procedure, that part of paragraphs VI and VII of plaintiffs' complaint which alleges defendants are strictly liable to plaintiffs on the grounds that such allegations are redundant, immaterial and fail to state a claim against the defendants upon which relief can be granted, or alternatively, to dismiss any alleged count of strict liability for failure to state a claim upon which relief can be granted or alternatively, for summary judgment on the pleadings on the issue of strict liability. Grumman further moves to strike paragraph VIII of the complaint as being, among other objections, immaterial, insofar as it requests punitive damages, there being no claim stated upon which punitive damages

could be granted. The relevant portions of the complaint read:

"

**VI**

The defendants . . . are strictly liable to the plaintiffs as a result of defectively designing, testing, manufacturing, selling and servicing the aircraft in question. . . . "

"

**VII**

The defendants . . . is strictly liable to the plaintiffs for each of the reasons set forth above, among others, and for its general failure to properly design, manufacture, service and sell the aircraft in question, all of which was a proximate cause of Decedent's death. . . . " (sic)

"

**VIII**

The defendants were grossly indifferent to the rights and welfare of those who might be affected by its acts, or failure to act. For this malice in fact they should be assessed punitive and/or exemplary damages in the amount of $10,000,000.00."

██ In answer to defendant's motion to strike, plaintiffs request that the Court strike paragraph VIII. In view of this request, and the fact that the legislature of North Dakota has not provided for punitive damages in wrongful death actions, Hyyti v. Smith, 67 N.D. 425, 272 N.W. 747 (1937), paragraph VIII will be stricken.

Defendants argue that those parts of Paragraphs VI and VII relating to strict liability should be stricken on the grounds that North Dakota does not recognize that theory as a basis for relief in products liability actions. The Eighth Circuit, in Christenson v. Osakis Silo Company, 424 F.2d 1301 (8th Cir. 1970), stated the law in North Dakota at that time:

"The North Dakota court in the cases herein above discussed and doubtless in other situations has had ample op-

portunity to adopt strict liability in tort. If it chose to do so, it would be a simple matter for the court to so declare in its opinions. It appears to us that the court by its silence on the issue and its stressing in the cases liability based upon negligence and warranty has refused to adopt strict liability in tort and has instead considered liability predicated upon negligence or breach of warranty with privity removed as adequate." at 1304.

Defendant also points to Haugen v. Ford Motor Company, 219 N.W.2d 462 (N.D. 1974), as further authority. In *Haugen*, the Supreme Court stated "[a]lthough the theory of strict liability in products-liability cases has not been adopted in North Dakota, the theory has had wide acceptance in a number of states." at 470.

██ If this Court were to consider the above language and nothing more, the motion to strike *might* be granted. However, a closer examination of the issue and the *Haugen* and *Osakis* cases mitigate against the position of the defendant, at this time. Motions to strike redundant or immaterial matter are not favored. Garza v. Chicago Health Clubs, Inc., 347 F.Supp. 955 (N.D.Ill. 1972); Cohen v. City of Miami, 54 F.R. D. 274 (S.D.Fla.1972); Gateway Bottling Inc. v. Dad's Rootbeer Co., 53 F.R. D. 585 (W.D.Pa.1971); 2A Moore's Federal Practice ¶ 12.21. Matter will not be stricken unless it is clear that it can have no possible bearing upon the subject matter of the litigation. Lemon v. Sloan, 340 F.Supp. 1356 (E.D.Pa.1972); Zamora v. Massey Ferguson, Inc., 336 F.Supp. 588 (S.D.Iowa 1972). If there is any doubt as to whether under any *contingency the matter may raise an issue, the motion should be denied.* Garza v. Chicago Health Clubs, Inc., 347 F. Supp. 955 (N.D.Ill.1972); Hanley v. Volpe, 305 F.Supp. 977 (E.D.Wis.1969).

The North Dakota legislature has not adopted strict liability, and at the time

of the Eighth Circuit decision in *Osakis*, the North Dakota Supreme Court had not spoken definitely on the subject. However, *Haugen* did appear to signal that there now exists a substantial likelihood that the North Dakota Supreme Court may soon rule on the issue and that strict liability may be a cognizable theory of negligence in North Dakota by the time this case reaches trial.

In *Haugen*, the plaintiff's car was destroyed by fire, allegedly the result of a defect in the manufacture of the car, and an action was brought against Ford Motor Company predicated upon breach of express warranty and implied warranty, negligence, and strict liability. The North Dakota Supreme Court was faced with an appeal from a summary judgment. The central issue concerned the exclusion of damages from fire from the warranty covering defective factory materials or workmanship. The trial judge had held that the exclusion was not against public policy or unconscionable. The Court discussed the issue as follows:

> "Ford argues that the disclaimer of liability for fire is not against public policy or unconscionable, and cites in support thereof Knecht v. Universal Motor Company, 113 N.W.2d 688 (N. D.1962), which was decided by this court prior to the effective date of the Uniform Commercial Code and while the Uniform Sales Act was in force. In *Knecht* we held that an express warranty disclaiming implied warranties was not contrary to public policy. In the body of that opinion we stated that we were not constrained to overrule our previous decisions in this area, which had been the law of the State for more than forty-two years (citing Minneapolis Threshing Mach. Co. v. Hocking, 54 N.D. 559, 209 N.W. 996 (1926)) without legislative change. Section 51–01–72, N.D.C.C., a part of the Uniform Sales Act then in effect, provided:

> 'Where any right, duty, or liability would arise under a contract to sell or a sale by implication of law, it may be negatived or varied by express agreement or by the course of dealing between the parties, or by custom, if the custom is such as to bind both parties to the contract or the sale.'

This is the section which governed our decision in *Knecht*. We held that this section authorized the parties to a sale of personal property to negative by express agreement the implied warranty of quality of fitness provided by Section 51–01–16, N.D.C.C. Both sections were repealed by the adoption of the Uniform Commercial Code, which became effective July 1, 1966.

■■ Section 41–02–94 (2–715) N.D. C.C., authorizes the recovery of consequential damages for injury to property proximately resulting from any breach of warranty. However, under Section 41–02–98 (2–719), N.D.C.C., quoted above, consequential damages, except for injury to the person, may be limited or excluded 'unless the limitation of exclusion is unconscionable.' Thus the Legislature has acted; it has spoken to the subject. The statutes which governed us in *Knecht* and *Minneapolis Threshing Mach. Co.* are no longer in effect."

"Thus it appears that the question of whether a contract or a clause thereof is unconscionable is one for the courts, and legislative policy, as it existed under the Uniform Sales Act prior to the adoption of the Uniform Commercial Code, has been repealed. Therefore, Knecht is no longer applicable."

"It appears the trial court held that the clause disclaiming liability for fire was not unconscionable *per se*. There is nothing in the record to indicate that evidence was received or an opportunity afforded the parties to

'present evidence as to its commercial setting, purpose and effect to aid the court in making the determination' of conscionability." 219 N.W.2d at 466, 467.

"Under the circumstances of this case we hold that it was improper for the trial court to make a determination as to the conscionability of the disclaimer of liability-for-fire clause without a hearing affording the parties a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making that determination." at 468. This recognition in North Dakota that a waiver of implied warranty as to consequential damages may be inconsistent with public policy is significant. Since *Knecht* is no longer applicable, the amenability of the Supreme Court of North Dakota to adoption of strict liability is apparent. The Eighth Circuit, in deciding that North Dakota had not adopted strict liability, relied on the *Knecht* case in reaching its conclusion:

"Thus it would appear that in warranty cases a party may with knowledge of the facts waive an implied warranty and that the North Dakota court does not follow the holding of cases from some other jurisdictions to the effect that a waiver of warranty is against public policy.

"It would seem that the treatment of waiver by the North Dakota court in warranty cases would be inconsistent with a policy of creating strict liability in tort on the same facts.

.  .  .  .  .  .

"[T]he [law of North Dakota] demonstrates that the law of North Dakota requires proof of negligence before a manufacturer is liable in tort to the user of a product. Recovery under negligence theory requires proof of substantially more elements than strict liability in tort and therefore if a court holds that a person must prove negligence in order to recover, the same court would not likely hold that a person could recover on the lesser standard of strict liability in tort." *Osakis*, 424 F.2d at 1303.

The treatment of waiver by the North Dakota Supreme Court and legislature in warranty cases is no longer inconsistent with the policy underlying the doctrine of strict liability; namely, maximum protection of the consumer. *See* Restatement (2d) Torts § 402A, Comment c, at 349, quoted in part in *Haugen*, 219 N.W.2d at 470.

■ While the treatment of waiver of implied warranty by the North Dakota Supreme Court in *Haugen* does not give this Court sufficient basis to anticipate that the North Dakota court will adopt strict liability, it is an indication the *Osakis* decision has lost some of its force and that *Osakis* should not be dispositive of a motion to strike at this time. Although the North Dakota Court has not adopted strict liability, there is more than a remote possibility that the Court will consider the issue in the near future.[1] In doing so, the Court may re-

---

1. "It would thus appear that if Haugen should be successful in recovering judgment following trial on the theory of strict liability, and this court, on appeal, adopts the theory of strict liability on the basis of warranty, the disclaimer claimed by Ford under its Basic Warranty and Limitation of Liability would likely not be a limitation on the scope and content of such warranty." *Haugen*, 219 N.W.2d at 471.
*See also* Seibel v. Symons Corporation, 221 N.W.2d 50, (S.Ct.N.D., filed June 26, 1974), where the Court said:

"The manufacturer argues further that the court, by withdrawing the . . . defenses [of contributory negligence and assumption of risk], and by giving the instructions as to the duty of the manufacturer quoted above, in effect instructed that strict liability in tort is the law of North Dakota, and that this was error. To this there are two answers. . . . The second answer is that we have not held that strict liability in tort is not the law in North Dakota. We have not yet been presented with a case where that question is at issue. *See* Haugen v.

quire more elements than strict liability to prove a case sounding in tort, but the amenability of North Dakota law to its adoption, together with the fact that the *Haugen* decision leaves the question open, persuades this Court that a final decision on the motion to strike should be deferred until trial.

■ At times the court may properly defer action on the motion to strike until trial. A.B.T. Sightseeing Tours, Inc. v. Gray Line N.Y. Tours Corp., 242 F. Supp. 365 (S.D.N.Y.1965). Usually courts faced with situations which may or may not be altered and which bear on the motion, deny the motion without prejudice allowing it to be raised again at or near trial. *See* 2A Moore's Federal Practice, ¶ 12.21. The latter section of Moore's refers to a decision "where the propriety of reference to a particular statute as a basis for relief was doubtful, but the question was a novel one and controlling decisions by higher courts might be forthcoming, the court denied a motion to strike without prejudice to consideration of the question at the trial", citing Windle v. Ford Motor Company, 9 F.R.Serv. 12f21, Case 1. *See generally* Beal v. General Motors Corporation, 354 F.Supp. 423 (D.Del. 1973); (motion to strike claim for consequential damages, on ground that their recovery was precluded by express warranty, denied). Savard v. Marine Contracting, Inc., 296 F.Supp. 1171 (D. Conn.1969); (motion to strike reference in complaint to res ipsa loquitur, denied). This Court is faced with a similar situation.

The portions of the complaint relating to strict liability might have some bearing on the decision of the case. "Even if the allegations are redundant or immaterial, they need not be stricken if their presence in the pleading cannot

prejudice the adverse party." 2A Moore's Federal Practice, ¶ 12.21; Federated Dep't. Stores v. Ginnel Corp., 287 F.Supp. 744 (S.D.N.Y.1968); Lanier Business Products v. Graymar Co., 342 F.Supp. 1200 (D.Md.1972). To deny the motion at this time is not prejudicial to the defendant, and to grant the motion would be untimely.

It is therefore ordered that Paragraph VIII of the complaint is stricken. The motion to strike that part of the complaint alleging strict liability is denied without prejudice to the right of the defendant to renew the motion at time of trial.

---

Ford Motor Co., 219 N.W.2d 462 (N.D. 1974). Certain of our prior cases have held that some parts of the doctrine of strict liability in tort are the law of this State—for example, elimination of the requirement of

privity in Lang v. General Motors Corp., 136 N.W.2d 805 (N.D.1965), which quotes and cites extensively from strict liability cases in other jurisdictions." at 58.