**Lydia Esther MERCADO Vda. De Alvarez, etc., Plaintiffs, Appellants,**

v.

**WOLLARD AIRCRAFT EQUIPMENT, INC., et al., Defendants, Appellees.**

No. 77–1282.

United States Court of Appeals, First Circuit.

Submitted Feb. 6, 1978.

Decided May 2, 1978.

Harvey B. Nachman, Santurce, P. R., and Harry Segarra Arroyo, Carolina, P. R., on brief for appellant.

Francisco Ponsa Feliu, Francisco Ponsa Flores, San Juan, P. R., and Edda Ponsa Flores, Rio Piedras, P. R., on brief for appellee, Wollard Aircraft Equipment, Inc.

James A. Dixon, Jr., Dixon, Dixon, Lane, Mitchell & Harris, Miami, Fla., on brief for appellee, Ford Motor Co.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

This case arises out of a wrongful death action. Appellants' decedent was killed when he was struck by a Wollard Mobile Belt Loader, a motor vehicle used for loading cargo onto aircraft. Appellee Ford Motor Company manufactured the loader's engine and chassis, while appellee Wollard Aircraft Equipment, Inc., manufactured and distributed the finished product. Appellants sued appellees for negligence in the

---

manufacture and design of the loader, breach of warranties, and strict liability in tort.

Jurisdiction was based on diversity of citizenship. Final judgment was entered for appellees after they successfully moved for directed verdicts. The issue on appeal is whether the district court abused its discretion in finding appellants' witness, Amaury Perez, unqualified to give expert testimony.

Immediately before the accident, the engine on the loader was running, but the transmission was in neutral. The decedent, an employee of Eastern Airlines, was standing near the loader waiting for the driver in the loader to move it closer to an airplane. The loader lurched forward suddenly and struck the decedent. Appellants contend that due to an unspecified defect in the loader, the engine overheated, which, in turn, caused the indent springs holding the transmission to slip into gear. Appellees assert that the driver shifted the gearshift lever in a negligent manner.

At trial appellants called Perez to testify that the loader was defective and that the defect had caused the accident. Direct and cross-examination revealed that, although Perez had been an aircraft mechanic for eighteen years, ending in 1963, his experience in servicing ground support vehicles was limited to the dozen or so he had worked on in the late 1940's. Prior to working as an aircraft mechanic, Perez had taken courses in that field, but had never taken any courses in auto mechanics. He did testify that the principles by which aircraft and automobile internal combustion engines and hydraulic transmissions operate are similar, but also stated that these parts may not look the same in aircraft and motor vehicles.

Appellants contend that the district court applied too strict a standard in rejecting Perez's testimony on the ground that he lacked experience and education in the field of auto mechanics. The decision, however, as to whether a purported expert is sufficiently qualified to testify in a matter is within the district court's discretion, and its decision will be reversed only upon a showing of clear error. *Carlson v. American Safety Equipment Corp.*, 528 F.2d 384, 387 n. * (1st Cir. 1976); *Redding v. Picard Motor Sales, Inc.*, 403 F.2d 788, 792 (1st Cir. 1968). On the basis of the evidence in this case, we cannot say that the decision to prohibit Perez from testifying as an expert about the alleged defect in the loader is manifestly erroneous.[1] Even in the cases cited by appellants in which the district court was reversed, the witness either actually had experience or education in the field in issue or had made a significantly stronger showing that his experience in a related field made him competent to testify on the issue in dispute.[2]

Once having determined that Perez was unqualified to give expert testimony, the court did not err in granting appellees' motion for directed verdicts. This testimony was the only evidence offered by appellants to prove that a defect existed and had caused the accident, evidence which was necessary to each of appellants' causes of action. Appellants had to prove alternatively that there was a defective condition unreasonably dangerous to the user (strict liability) or that the loader had been negligently manufactured resulting in a defective condition (negligence) or that there was a breach of an express warranty that the machine was free of the defective condition that caused the accident.

There is another matter that compels comment. On pages 6 and 7 of appellants' brief there is a quotation from page 857 of *Holmgren v. Massey-Ferguson, Inc.*, 516 F.2d 856 (8th Cir. 1975), from which a complete phrase and two sentences have been omitted. Despite the fact that the quotation is palpably incomplete, it does not contain any ellipsis. As pointed out in the brief of appellee Ford Motor Company, the omitted language drastically undercuts the

1. See e. g., *Butkowski v. General Motors Corp.*, 497 F.2d 1158, 1159 (2d Cir. 1974); *Jones v. United States*, 387 F.2d 1004, 1008 (10th Cir. 1967).

2. *Holmgren v. Massey-Ferguson, Inc.*, 516 F.2d 856, 858 (8th Cir. 1975); *Cunningham v. Gans*, 507 F.2d 496, 500 (2d Cir. 1974); *Moran v. Ford Motor Company*, 476 F.2d 289, 291 (8th Cir. 1973).

strength of the quotation for appellants.[3] While this time we will ascribe the error to inexcusable carelessness, any similar occurrence in the future would be a severe blow to the reputation of appellants' attorney that could not be easily repaired.

*The judgment of the district court is affirmed.*

---

**3.** We reproduce the passage quoted from the court's decision in *Holmgren, supra,* bracketing the sections omitted without note by appellants.

"[P]laintiff offered the testimony of Dr. Robert McDougal, professor of mechanical engineering [at North Dakota State University. Dr. McDougal held a Ph.D. in Engineering Mechanics.] He had taught or taken a variety of engineering courses during his academic career, including some concerned with

principles of machinery design. He was familiar with farm machinery through his experiences as a farm boy and through work as a custom combiner and hay bailer, and had been a farmer himself for about 17 years. [He had been involved in consulting work in the fields of machinery design, structure and mechanics.] He testified that he was familiar with the design principles of agricultural machinery [and had familiarized himself with the particular machinery] in question."