**T.R. ELLIS, Appellant,**

v.

**MILLER OIL PURCHASING COMPANY, Appellee.**

No. 84–1265.

United States Court of Appeals, Eighth Circuit.

Submitted May 25, 1984.

Decided June 29, 1984.

M. Mark Lesher, Texarkana, Tex., for appellant.

Victor Hlavinka, Bradley C. Poulos, Atchley, Russell, Waldrop & Hlavinka, Texarkana, Tex., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

T.R. Ellis appeals the trial court's ruling excluding expert testimony in his negligence action. The trial court ruled that the testimony invaded the province of the jury. We affirm.

On or about July 4, 1979, Ellis had parked four of his tractor-trailer vehicles along the roadside of Highway 71 in Miller County, Arkansas. A Miller Oil Purchasing Company truck struck another car near where the tractor-trailers were parked. The truck overturned, spilling its cargo of crude oil. The oil caught fire and spread, damaging Ellis's vehicles.

Ellis filed suit for damages against Miller Oil which in turn filed a counterclaim.

The case went to trial with each side claiming the other's negligence was the proximate cause of the accident. At trial, Ellis called A.O. Pipkin, an accident reconstruction expert, to testify concerning the cause of accident. After establishing Pipkin's qualifications and familiarity with the scene of the accident, Ellis's counsel asked whether Pipkin had arrived at any conclusions regarding the proper action for the Miller Oil Company driver just prior to the accident. The trial court sustained an objection to this question, noting that the expert was in no better position than the jury to determine the answer. A verdict in favor of Miller Oil was returned and Ellis appeals, contending that the trial court's ruling excluding this testimony was in error.

■ Where the subject matter is within the knowledge or experience of lay people, expert testimony is superfluous. *Bartak v. Bell-Galyardt & Wells, Inc.*, 629 F.2d 523, 530 (8th Cir.1980). Whether to admit expert testimony rests in the discretion of the trial judge. Fed.R.Evid. 703; *Holmgren v. Massey-Ferguson*, 516 F.2d 856, 858 (8th Cir.1975). We do not believe the trial court abused its discretion in this instance. We therefore affirm the judgment of the trial court.