Glenna L. GRINDSTAFF and Doyle
Grindstaff, Plaintiffs-Respondents,

v.

Joseph N. TYGETT, M.D.,
Defendant-Appellant.

No. 49207.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 17, 1985.

Robert W. Freeman, Springfield, for defendant-appellant.

Maurice B. Graham, Fredericktown, for plaintiffs-respondents.

SMITH, Presiding Judge.

Defendant appeals from a judgment against him of $50,000 in favor of Glenna Grindstaff and $5000 in favor of her husband, Doyle Grindstaff, based upon a claim of medical malpractice. The case was before us previously and was reversed and remanded for new trial. See *Grindstaff v. Tygett*, 655 S.W.2d 70 (Mo.App.1983).

On this appeal defendant challenges only the submissibility of the plaintiffs' case and seeks only an outright reversal. In the trial court the defendant did not file a motion for new trial, but limited his requested post-trial relief to a motion seeking a judgment in accordance with his motion for directed verdict pursuant to Rule 72.-01(b). The trial court held that it lost jurisdiction to rule on such a motion thirty days after the judgment (Rule 75.01) on the basis that Rule 81.05(a) applies to a motion for judgment notwithstanding the verdict only when such motion is coupled with a motion for new trial. The trial court did, however, alternatively deny the motion on the merits.

■ We find no absence of jurisdiction in the trial court to rule on the motion more than thirty days after the judgment. A motion for judgment in accord with the motion for directed verdict is a proper after trial motion. *Reichert v. Lynch*, 651 S.W.2d 141 (Mo. banc 1983) Appendix [1]; Rule 72.01(b). Rule 81.05(a) states that

"Authorized after-trial motions shall be treated *as*, and as a part of, a new trial motion for the purpose of ascertaining the time within which an appeal must be taken...." (Emphasis supplied) The Supreme Court, in drafting Rule 81.05(a), has utilized the term "motion for new trial" as the generic description of all authorized post-trial motions for purposes of determining the date of appealability and trial court jurisdiction. It is not necessary under the rule to couple other authorized post-trial motions with a motion for new trial to make the provisions of Rule 81.05(a) applicable.

We turn to the merits. The first opinion in this case contains an extensive discussion of the facts. The evidence elicited at retrial is substantially the same so we find it unnecessary to repeat those facts. The evidence was sufficient to establish that Glenna sustained a laceration to her vagina and cervix and a complete severing of her urethra during childbirth. The cause of these injuries was a midforceps rotation utilized by defendant to position the head of the child to facilitate a vaginal delivery. The severance of the urethra has resulted in Glenna suffering urinary stress incontinence. On retrial plaintiffs submitted the case solely on the theory that defendant performed a midforceps rotation delivery by the use of excessive pressure with the forceps and was thereby negligent. Defendant challenges the sufficiency of the expert testimony to establish defendant's negligence. We find it unnecessary to discuss that expert testimony.

 In the hospital delivery records, written and signed by defendant, the delivery was described as a "tight midforceps rotation." In a deposition defendant was asked for his definition of a "tight midforceps rotation." His response was that such a rotation was "One in which you would have to apply excessive pressure to effect the maneuver." "Excessive" is defined as exceeding the "usual, proper, or normal." Webster's Third New International Dictionary. Defendant denied at trial and in the deposition that this was a "tight" midforceps rotation. Where the doctor by his own admissions establishes his negligence, expert evidence is not required to make an issue for the jury. *Richeson v. Roebber*, 349 Mo. 132, 159 S.W.2d 658 (1941) [3, 4]. The jury could have believed that the doctor's description in the delivery records was accurate and that his testimony in the deposition defining the term established what he meant by the delivery method described. Defendant and all of the experts who testified concerning delivery techniques agreed that excessive pressure should not be used to effectuate a midforceps rotation and that if such pressure was utilized, injury to the mother, baby or both could result. The evidence was sufficient to submit the case to the jury.

Judgment affirmed.

SNYDER and SATZ, JJ., concur.